## In re KEYSTONE REALTY HOLDING CO.

### No. 20493.

District Court, W. D. Pennsylvania.

April 8, 1946.

Order affirmed 157 F.2d 72.

Samuel L. Fuss, of Pittsburgh, Pa., for trustee.

Frederick T. Finnigan, of New York City, for Securities and Exchange Commission.

George W. Smith and J. Vincent Burke, Jr., both of Pittsburgh, Pa., for George D. Wick.

Edmund K. Trent, of Pittsburgh, Pa., for Bondholders Protective Committee.

120

GIBSON, District Judge.

The proceeding for the reorganization of the Keystone Realty Holding Company was entered in this court on February 10, 1939. At that time it was a very sick corporation. With other indebtedness it had a bond issue of $1,691,000+ and a tax indebtedness of $800,000. Its property was then considered to be worth not much in excess, if at all, of the outstanding taxes. Abatement of half of the tax indebtedness pursuant to an Act of Assembly of the State of Pennsylvania, 72 P.S. § 5574 et seq., and a great general increase in the hotel business of the country in the last four years, have united to make a reorganization possible by which the bondholders may save a respectable portion of their investment. The plan of reorganization submitted to the bondholders has been approved by more than two-thirds of their number. When the court considers the length of time the proceeding has been before it and the evident dangers which exist in further delay, it would be a vital matter indeed which would cause the vacation, or even notable delay in approval, of the plan.

Upon submission of the plan of reorganization to the bondholders, $780,000 was voted in favor of its adoption and $174,500 against it, or 82% for and 18%+ against it.

A petition has been filed by George D. Wick, wherein he prays the court to fix a time and place for hearing on the question of whether or not the Sheraton Corporation has disqualified itself from voting upon the plan, and that the confirmation of the plan be stayed pending the outcome of the hearing.

The Sheraton Corporation was the holder of $297,000 in bonds, acquired after the inception of the organization proceeding and, under the plan, is to be given a contract to manage the hotel property. Mr. Wick is the owner of a part of the bonds which were voted against confirmation. These bonds, as were the Sheraton bonds, were acquired after the beginning of the action. By the petition the main objection urged against the right of the Sheraton Corporation to vote is that it stated at one time that it was part of a group of bondholders which held $800,000 of the debtor's bonds

and that it would defeat any plan which would not give them the management of the reorganized company.

The allegation of Mr. Wick's petition that the Sheraton Corporation would defeat any plan that did not give it the management is not quite correct. When the plan was originally laid before the bondholders prior to voting, the Sheraton Corporation and the Knott Company, both hotel management companies, were both named in the plan, the choice of them to be determined by the votes of the bondholders. The allegation of the Sheraton Corporation was made in respect to the Knott management and was not in respect to any plan. It must not be forgotten that Sheraton had $297,000 of bond holdings at the time, and was protecting its own interests.

Mr. Wick was the proponent of another plan which was opposed by the Securities and Exchange Commission and by many bondholders prior to the submission of the present plan to the bondholders for vote. His plan called for his appointment as a member of the Board of Directors of a new company, but contemplated no management company, and which called for a loan of moneys to take care of the tax indebtedness of the debtor at a less rate of interest than that contemplated by the present plan. It was plain that the ability of Mr. Wick to obtain the necessary funds was questioned by the opponents of his plan, and also his possible control of the new company.

When the plan approved by the bondholders was sent out Mr. Wick put out letters wherein his plan was urged. Prior to that time it had been advanced in a number of hearings in the proceeding.

The court feels that it now is just as well informed as to the subject matter of Mr. Wick's petition as if a further hearing were held, and that such a hearing would merely lead to undesirable delay. It will therefore deny Mr. Wick's petition.

Upon presentation of petition for hearing under Section 203 of The Bankruptcy Act, 11 U.S.C.A. § 603, upon consideration thereof, it appearing that the matters pertaining to the Sheraton Corporation appear in the proceedings before this Court and the petitioner having had adequate opportunity

to present additional testimony relative thereto at the hearing on the confirmation of the plan and it not appearing that the acceptances of the plan by said Sheraton Corporation and its associates holding or controlling a total of $297,000 principal amount of First Mortgage Bonds were not in good faith, and it further appearing that said plan was accepted by creditors holding more than 2/3 in amount of the allowed claims as holders of First Mortgage Bonds and Certificates of Deposit for said bonds; the holders of the principal amount of $780,000 having voted in favor of the plan and the holders of $174,500 against it, in the proportion of approximately 82% for to 18% against, and that even if the favorable vote of the Sheraton Corporation and its associates holding a total principal amount of $297,000 were eliminated from the voting there would still be left a total of $483,000 in favor of the Plan and $174,500 against it, in the proportion of approximately 73% for the Plan to 26% against it, so that no useful purpose would be served by any further hearing, it is therefore ordered and decreed that said Petition be and is hereby dismissed.